# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH C. SPENCER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LAWHORN, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:01-CV-6066-OWW-SMS-P<br><br>ORDER DISMISSING AMENDED<br>COMPLAINT, WITH LEAVE TO AMEND<br><br>(Doc. 24) |

I.     Screening Order

    A.     Screening Requirement

Plaintiff Joseph C. Spencer ("plaintiff") initiated this action on August 17, 2001, via a petition for writ of habeas corpus. Pursuant to the court's order of August 5, 2005, the action was re-designated as a civil rights action brought pursuant to 42 U.S.C. § 1983. Now pending before the court is plaintiff's amended complaint, filed December 3, 2002.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[1] 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

///

---

[1] Although plaintiff is no longer incarcerated, he was a prisoner at the time he filed this action.

1

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.   Summary of Plaintiff's Amended Complaint

The events at issue in the instant action allegedly occurred at Avenal State Prison, where plaintiff was incarcerated at the time. Plaintiff names Correctional Counselor Lawhorn and Warden Mike Madding as defendants. Plaintiff is seeking monetary damages and injunctive relief.[2]

The basis of plaintiff's claim is that he was held in prison seven months beyond his release date due to the actions of defendant Lawhorn. Although plaintiff does not specify the basis of his claim, the court construes it to be one based on the deprivation of a protected liberty interest without due process of law, in violation of the Due Process Clause of the Fourteenth Amendment.

C.   Section 1983 Claims

1.   Due Process Claim Against Defendant Lawhorn

Plaintiff alleges that defendant Lawhorn prevented his scheduled release from prison on three occasions by issuing memoranda, which ultimately delayed plaintiff's release by seven months. Plaintiff alleges that when he confronted defendant Lawhorn with an inmate appeal, defendant said he would have plaintiff released within ten days if plaintiff would sign the appeal so that defendant would not have to answer it. The next day, plaintiff was moved from the disabled dorm to general population and released within ten days.

---

[2] When an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991). Because plaintiff is no longer incarcerated, his claims for injunctive relief are moot.

2

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974). In order to state a claim based on the denial of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Prisoners have a protected liberty interest in being released on parole. <u>McQuillion v. Duncan</u>, 306 F.3d 895, 902 (9th Cir. 2002). A parole rescission determination must be "supported by 'some evidence' having 'some indicia of reliability,'" <u>Id</u>. (internal citations omitted), a standard which is not exacting. <u>Caswell v. Calderon</u>, 363 F.3d 832, 839 (9th Cir. 2004).

In this instance, plaintiff's allegations are so brief that the court cannot determine whether or not plaintiff may be able to state a cognizable claim for relief. Only from plaintiff's attached exhibit was the court able to ascertain that plaintiff was to be released on parole rather than unconditionally released from custody. Plaintiff has not alleged that he was not provided with the process that was due. Plaintiff's disagreement with the decision to push back his release date does not, without more, provide a basis upon which to impose liability under section 1983 for violation of the Due Process Clause. Rather, plaintiff may pursue a due process claim only if he has been deprived of his protected liberty interest in release on parole without the limited procedural protection he is due. What process plaintiff received, if any, is necessary to determine whether or not a violation of plaintiff's rights occurred.

Although the federal system is one of notice pleading, plaintiff must allege sufficient facts to place defendants on notice as to the basis of the claim against them. Fed. R. Civ. P. 8. In this instance, the amended complaint is so devoid of factual information that the court cannot determine whether or not plaintiff may be able to state a claim for relief under section 1983.

2. <u>Claim Against Defendant Madding</u>

Although plaintiff names Warden Madding as a defendant, plaintiff's amended complaint does not contain any factual allegations linking defendant Madding to an action or omission that violated plaintiff's rights. Plaintiff will be provided with an opportunity to file a second amended complaint. In amending his complaint, plaintiff is informed that under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of <u>respondeat</u> <u>superior</u>. When the named defendant holds a supervisorial position, the causal link

between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

        D.     Conclusion

The court finds that plaintiff's amended complaint does not contain any claims for relief that are cognizable under section 1983. The court will provide plaintiff with the opportunity to file a second amended complaint curing the deficiencies identified by the court in this order.

In his second amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's amended complaint, filed December 3, 2002, is dismissed, with leave to amend;
2. The Clerk's Office shall send plaintiff a civil rights complaint form;
3. Within **thirty (30) days from** the date of service of this order, plaintiff shall file a second amended complaint; and
4. If plaintiff fails to file a second amended complaint in compliance with this order, the court will recommend that this action be dismissed, without prejudice, for failure to obey a court order and failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

**Dated:    September 12, 2005**             /s/ Sandra M. Snyder
icido3                                       UNITED STATES MAGISTRATE JUDGE