UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH C. SPENCER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LAWHORN, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:01-CV-6066-OWW-SMS-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM AND FAILURE TO EXHAUST<br><br>(Doc. 40) |

I.　　Findings and Recommendations Following Screening of Second Amended Complaint

　　　A.　　Screening Requirement

Plaintiff Joseph C. Spencer ("plaintiff") initiated this action on August 17, 2001, via a petition for writ of habeas corpus. Pursuant to the court's order of August 5, 2005, the action was re-designated as a civil rights action brought pursuant to 42 U.S.C. § 1983. On September 13, 2005, the court screened plaintiff's amended complaint filed on December 3, 2002, and dismissed the complaint with leave to amend for failure to state any claims upon which relief may be granted. Plaintiff filed a second amended complaint on October 28, 2005.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[1] 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

///

---

[1] Although plaintiff is no longer incarcerated, he was a prisoner at the time he filed this action.

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

      B.      Plaintiff's Second Amended Complaint

The events at issue in the instant action allegedly occurred at Avenal State Prison, where plaintiff was incarcerated at the time. Plaintiff names Correctional Counselor Lawhorn and Warden Mike Madding as defendants. Plaintiff is seeking monetary damages.

           1.      Claim Against Defendant Warden Madding

Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

///

1   Plaintiff alleges that within the first week of his arrival at Avenal from San Quentin, he was
2   attacked while seeking medical attention. Plaintiff alleges that as soon as he was released from
3   administrative segregation, he began sending defendant Warden Madding request slips asking for
4   help. Plaintiff alleges that he sent approximately twenty-five slips but received no response. It
5   appears that the basis for plaintiff's claim against defendant Madding is that defendant Madding
6   failed to protect him, in violation of his rights under the Eighth Amendment.

7   To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison
8   conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman,
9   452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials
10  must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.
11  Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237,
12  1246 (9th Cir. 1982). Prison officials have a duty to take reasonable steps to protect inmates from
13  physical abuse. Hoptowit, 682 F.2d at 1250 (9th Cir. 1982); Farmer v. Brennan, 511 U.S. 825, 833
14  (1994). To establish a violation of this duty, the inmate must establish that prison officials were
15  deliberately indifferent to a substantial risk of serious harm to the inmates's safety. Farmer, 511 U.S.
16  at 834. The deliberate indifference standard involves an objective and a subjective prong. First, the
17  alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer at 834 (citing
18  Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and
19  disregard[] an excessive risk to inmate health or safety." Id. at 837.

20  Plaintiff has not alleged any facts that give rise to a claim for relief under section 1983
21  against defendant Madding for violating the Eighth Amendment. Plaintiff's allegation that he sent
22  defendant request slips, but defendant failed to respond does not support a claim that defendant
23  Madding "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." Farmer
24  v. Brennan, 511 U.S. at 837. Accordingly, the court shall recommend dismissal of this claim from
25  the action.

26      2.   Claim Against Defendant Lawhorn

27  Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with
28  respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

3

confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 435 U.S. 516, 532 (2002). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001).

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084, et seq. "Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can reasonably demonstrate as having an adverse effect upon their welfare." Id. at 3084.1(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Cal. Code Regs. tit 15, § 3084.5 (2004).

The basis for plaintiff's claim against defendant Lawhorn is that defendant changed plaintiff's release date.[2] Plaintiff alleges that he filed an inmate appeal grieving the facts in the complaint and includes a copy of his appeal. (2nd Amend. Comp., §II & exhibits, p. 1-2.) Plaintiff's exhibit demonstrates that at the first formal level of review, plaintiff withdrew the appeal that grieved the changes to plaintiff's release date. By withdrawing the appeal, plaintiff failed to exhaust the available administrative remedies and may not pursue his claim challenging the extension of his release date in this action. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (exhaustion must occur prior to filing suit). Accordingly, the court shall recommend that plaintiff's claim against defendant Lawhorn be dismissed, without prejudice. 42 U.S.C. § 1997e(a); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid grounds for dismissal . . . ."); see also Lira v. Herrera, No. 02-16325, 2005 WL 2850115, *10 (9th Cir. Nov. 1, 2005) (unexhausted claims that are not intertwined with exhausted claims should be dismissed by court).

---

[2] Plaintiff also complains generally about being moved to a less desirable housing unit, but these allegations are not linked to defendant Lawhorn.

4

C.	Conclusion

The court finds that plaintiff's second amended complaint does not contain a claim upon which relief may be granted under section 1983 against defendant Madding and that plaintiff's claim against defendant Lawhorn was not exhausted. With respect to plaintiff's claim against defendant Madding, plaintiff was previously given leave to amend but failed to allege facts that give rise to a cognizable claim. Accordingly, the court HEREBY RECOMMENDS that this action be dismissed, without prejudice, for failure to state a claim against defendant Madding and for failure to exhaust his claim against defendant Lawhorn.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   November 3, 2005**              /s/ Sandra M. Snyder
icido3                                      UNITED STATES MAGISTRATE JUDGE